***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Dobbs School was a self-insured employer with Key Risk Management as the servicing agent.
4. On June 21, 1999 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
5. Plaintiff is on long-term disability with the State.
In addition, the parties stipulated into evidence the following:
1. Packet of medical records.
2. Packet of correspondence and Industrial Commission forms.
3. Packet of additional medical records.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who is forty-nine (49) years old, began working for defendant in October 1991 as a resource teacher. Plaintiff also taught special education classes. On June 21, 1999, plaintiff sustained a compensable injury by accident when she stepped on an ant hill while taking some students across the campus and was bitten by fire ants on her left foot. Following the incident, plaintiff was sent to Doctor's Urgent Care Center where Dr. Craddock examined her. Dr. Craddock noted slight swelling and erythema in plaintiff's left foot and diagnosed her condition as a local allergic reaction to the ant bites. Plaintiff was initially given a shot of Celestone and was then advised to take Benadryl and elevate her foot. By June 30, 1999 Dr. Craddock concluded that plaintiff was essentially recovered from the incident and released her to return to full duty work on that date.
2. Although plaintiff had reached maximum medical improvement, Dr. Craddock advised plaintiff to elevate her legs at the end of the day and to use support hose for three to twelve months for any residual edema. However, Dr. Craddock found no evidence of permanent impairment and did not recommend further medical treatment.
3. On March 24, 2000 plaintiff returned to the clinic complaining of swelling primarily in her right foot. Plaintiff described symptoms of pedal edema after being up on her feet a lot. Dr. Mullen examined her and diagnosed her with dependent edema with increased vascular permeability of the right foot. Dr. Mullen advised plaintiff to elevate the foot daily and to wear support hose.
4. Plaintiff had experienced allergic reactions to bee stings before the incident in June 1999 and she noted problems with other allergies by November 2001 when she underwent allergy testing which showed reactions to pecan pollen and to dust. Besides her allergies, plaintiff also had multiple other health problems including hyperthyroidism in the form of uncontrolled Graves Disease, a toxic multinodular goiter, gastroesophageal reflux disease and carpal tunnel syndrome.
5. Plaintiff has received no treatment for her ant bites since June 1999. The treatment plaintiff received in March 2000 was for problems in her other foot which was not bitten. Nevertheless, plaintiff has asked the Industrial Commission to approve an application for additional medical compensation. Plaintiff's request, by Form 18M, was denied administratively. Plaintiff appealed the ruling and a hearing before Deputy Commissioner Chapman was held. However, plaintiff presented no reasonable or credible evidence to support her opinion that she has developed multiple health problems as a result of her ant bites. The medical evidence establishes that plaintiff reached maximum medical improvement within two weeks of the injury and that she required no further medical treatment as a result of the ant bites at issue.
6. In that plaintiff has not required medical treatment for the ant bites at issue since June 1999, since the treating physician found her to have reached maximum medical improvement by June 30, 1999 with no permanent impairment and since no doctor has prescribed further treatment for the problem, plaintiff has not been at substantial risk for necessary future medical treatment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has not been at substantial risk for necessary future medical treatment and is therefore not entitled to an order for payment of future necessary medical compensation. N.C.G.S. § 97-25.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for future medical compensation is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of February 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER